IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHEN CHRISTOPHER PLUBELL, )
)
)
)   3:24-cv-210
Plaintiff, )
)
v. )
)
CAROLYN COLVIN, )
)
)
Defendant. )

## ORDER

Administration Law Judge Brady Carter found Plaintiff Stephen Christopher Plubell not disabled.  Mr. Plubell appeals that order, challenging the ALJ's decision at steps four and five of the familiar five-step analysis.  On substantial-evidence review, *see Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999), the Court affirms.

In making a finding of disability, the ALJ must go through a five-step sequential process.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); see *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).  At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") to determine whether the claimant can return to her past work.  A claimant's RFC measures the most he can do despite his limitations.  The ALJ examines all of the relevant medical and other evidence to make its RFC determination.  If the ALJ finds that the claimant can still perform his past work, he is not disabled; if not, the ALJ proceeds to step five.  *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (explaining the fourth step in accordance with § 404.1520(a)(4)).  Step five requires the ALJ to make a similar inquiry; but, rather than assessing the claimant's RFC determination against their past vocation, the ALJ considers whether the claimant's

- 1 -

RFC makes them "incapable of performing" any "work that exists in significant numbers in the national economy." *Id.* at 612.

Here, the ALJ determined that Mr. Plubell wasn't disabled during the relevant time period because, while he could no longer perform his prior role as a forklift operator, he could work positions of "light work[,]" including as a routing clerk, marker, or inspector hand pacer. ECF 4-2 at 24. In arriving at these conclusions, the ALJ discounted parts of Mr. Plubell's descriptions of his mental health conditions (ECF 4-2 at 52–77; ECF 4-8 at 48–55) and the Mental Medical Source Statement of Dr. Kevin Patterson (ECF 4-11 at 88–93), Mr. Plubell's psychiatrist for the final 15 months of the relevant period. *See* ECF 4-9 at 80–81; ECF 7 at 6. The ALJ found Mr. Plubell's "statements concerning the intensity, persistence, and limiting effects of [his] symptoms" to be "not entirely consistent with the medical evidence and other evidence in the record." ECF 4-2 at 19. And as to Dr. Patterson's opinion, the ALJ found it unpersuasive because it wasn't "supported by or consistent with the clinical and objective findings" made during the proceedings. ECF 4-2 at 22–23.

Mr. Plubell argues on appeal that the ALJ improperly discounted Dr. Patterson's opinion, and, as a result, also improperly discounted Mr. Plubell's statements. Mr. Plubell contends that, together, these faults resulted in a decision that is not supported by substantial evidence. ECF 7 at 2.

Upon careful review, the Court disagrees. Substantial evidence supports the ALJ's conclusion that Mr. Plubell and Dr. Patterson's statements were inconsistent with and unsupported by the evidence. And contrary to Mr. Plubell's arguments, the ALJ "present[ed] a thorough recitation of [that] evidence[,]" as required by Section 404.1520c(b) and SSR 96-8p. ECF 7 at 12 (quoting *Palmer v. Comm'r of Soc. Sec.*, 2017 WL 1632990, at *8 (E.D. Mich. May 2, 2017)).

That is, the ALJ's analysis includes four examples of Mr. Plubell exhibiting mental states (after his mental break in December 2022[1]) that are inconsistent with the limitations he and Dr. Patterson described. ECF 4-2 at 17–18, 23 (visits in December 2022, May and October 2023, and January 2024). And these examples were a representative sample of Mr. Plubell's visits. *See also* ECF 4-9 at 78 (during February 6, 2023, visit, Mr. Plubell feeling that he was "continuing to make progress in regards to his mood and overall level of depression and anxiety" and that, despite having "a lot of anxiety[,]" "his depression [was] 'much better'"); ECF 4-9 at 83 (during August 22, 2023, visit where Mr. Plubell was "struggling[,]" still acknowledging that "his medications [were] working well[,]" "den[ying] feeling hopeless or worthless" or having suicidal thoughts, and appearing to have "fair" memory, cognition, attention, and concentration); ECF 4-9 at 87 (at July 11, 2023 visit "stat[ing] he occasionally experiences some mild to moderate fluctuations in his mood[,]" in large part due to financial stressors, but "feel[ing] he is doing well with his current medication regimen and [] not express[ing] any specific complaints or concerns[,]" "den[ying] any flashbacks or nightmares[,]" "suicidal thoughts[,] or feelings of hopelessness[,]" and appearing to have "fair" judgment and insight). Although Mr. Plubell's December 2022 hospitalization was severe, the record as a whole contains substantial evidence supporting the ALJ's findings as to the persuasiveness (*i.e.*, lack thereof) of Mr. Plubell and Dr. Patterson's statements.

Similarly, considering all evidence in the record as required by 20 C.F.R. 404.1545(e), the ALJ's RFC is supported by substantial evidence. And under that RFC, as noted by the vocational expert, there are jobs in the national economy that Mr. Plubell is able to perform. *See* ECF 4-2 at 78–83 (routing clerk with 123,000

---

[1] Before this time, Mr. Plubell's mental symptoms and limitations were less severe.

- 4 -

positions, marker with 43,000 positions, and inspector/hand packer with 6,800 positions in the national economy).

In sum, there is substantial evidence to support that Mr. Plubell could engage in roles requiring only light work. For these reasons, the decision of the ALJ is **AFFIRMED**. The Clerk of this Court shall mark this case as **CLOSED**.

DATED this 23rd day of July, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge